# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2020

Lyle W. Cayce
Clerk

No. 19-50657

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO BROCHE RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-629
USDC No. 1:15-CR-312-1

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Gilberto Broche Ruiz, federal prisoner # 59833-380, moves this court for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Ruiz filed the motion to challenge his 210-month sentence for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. He asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50657

that his trial counsel rendered ineffective assistance by not moving to suppress the evidence seized from his cell phone.  Ruiz further argues that the district court abused its discretion in not construing the new ineffectiveness claims he raised in his objections to the magistrate judge's report and recommendation as a motion to amend his § 2255 motion.  Additionally, Ruiz contends that the district court abused its discretion in denying his § 2255 motion without an evidentiary hearing.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court has denied the constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the district court's denial of relief is based on procedural grounds, a COA may not issue unless the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Ruiz has not made the requisite showing.  *See id.*  Accordingly, his request for a COA is denied.  In addition, the claims Ruiz fails to raise before this court are deemed abandoned.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

With respect to Ruiz's claim that the district court should have held an evidentiary hearing, a COA is not required to appeal the denial of an evidentiary hearing in a federal habeas proceeding.  *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).  We therefore construe his motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue.  *See id.*

No. 19-50657

We review a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To show abuse of discretion, Ruiz must come forward with "independent indicia of the likely merit of [his] allegations." *Id.* at 442 (internal quotation marks and citation omitted). Because Ruiz has failed to show that he had a likely meritorious claim for relief under § 2255, the district court's denial of Ruiz's § 2255 motion without an evidentiary hearing is affirmed. *See Norman*, 817 F.3d at 234.

COA DENIED; AFFIRMED.